UNITED STATES DISTRICT COURT
NORTHERN DISTRICT ILLINOIS, EASTERN DIVISION


FILED
OCT X 5 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA, )
EX. REL., CAROL MOSELEY, )
) FILED UNDER SEAL
V. )
)
) 10CV6368
) JUDGE HOLDERMAN
PASSAGES HOSPICE, LLC., ) MAG. JUDGE ASHMAN
SETH GILMAN )

## COMPLAINT
## (QUI TAM)

Now Comes the United States of America, ex rel., CAROL MOSELEY. (hereinafter "MOSELEY"), by and through Michael K. Goldberg, Esq., Robert A. Bauerschmidt, Esq., and James B. Goldberg, Esq. and brings this action under the Federal False Claims Act against PASSAGES HOSPICE, LLC (hereinafter "Passages") and the Seth Gilman (hereinafter "Gilman") seeking relief against the Defendants on behalf of the United States of America for false claims submitted to the Medicare program, as well as bringing a Retaliation Claim under The Federal False Claims Act against the Defendants, PASSAGES and GILMAN, as follows:

### JURISDICTION

1. This action arises under U.S.C., Title 31, §3729; and U.S.C., Title 31, §3730.

### INTRODUCTION

2. This action seeks recovery for all amounts paid to PASSAGES by Medicare from January, 2008 through December, 2008, for services billed

1

as "continuous home care," to MEDICARE by PASSAGES, where there were no periods of crisis required to bill for this higher rate of daily care. This action also seeks recovery for all amounts paid to PASSAGES by Medicare from January, 2008 through December, 2008, for all admissions from both Rockford Hospitals into Hospice facilities owned by PASSAGES, where the admissions were completed solely by a Licensed Practical Nurse in violation of Medicare billing requirements. Finally, the relator, MOSELEY, seeks a reward pursuant to the Federal False Claims Act and damages for her termination from PASSAGES.

## PARTIES

3. The Relator, Carol Moseley, is a Licensed Practical Nurse in the State of Illinois and a resident of Rockford, Illinois. In 2008, MOSELEY was employed as a nurse at PASSAGES. MOSELEY objected to specific billing practices at PASSAGES that violated Medicare regulations and was terminated in September, 2008.

4. PASSAGES HOSPICE, LLC is an Illinois Corporation based in Elgin, Illinois that owns several Illinois Hospice facilities in Rockford and in the Chicago Metropolitan area. Additionally, PASSAGES provides home Hospice services to patients at the patients' residence in Rockford and the Chicago Metropolitan area. On information and belief, PASSAGES operates approximately ten Hospice facilities and provides Hospice services in the residence of hundreds of patients in the Rockford and Chicago metropolitan area.

5. Seth Gilman owns and operates PASSAGES, and resides in Lincolnwood, Illinois, which is located in Cook County, Illinois. GILMAN was responsible for the day-to-day operations and policies of PASSAGES and personally hired and fired MOSELEY.

## COUNT I
### [VIOLATIONS OF U.S.C., TITLE 31, § 3729]

1-5. As Paragraphs 1-5 of Count I, Plaintiff realleges and incorporates herein Paragraphs 1-5 above.

6. During 2008, MOSELEY provided "continuous home care" for over one-hundred patients of PASSAGES in their home residences, which was 100% of the patients that MOSELEY provided home services to for PASSAGES in 2008.

7. "Continuous home care" is heightened nursing care, as defined in 42 CFR §418.302(2), where the patient's condition requires at least 8 hours of nursing care during a 24-hour period. "Continuous home care" is paid at an hourly rate that add up to approximately $600 per day more than the regular rate for daily home hospice care.

8. "Continuous home care is only furnished during brief periods of crisis as described in Sec. 418.204(a) and only as necessary to maintain the terminally ill patient at home." 42 CFR §418.302(2).

9. There was no period of crisis for any of the approximately one-hundred patients that MOSELEY provided home hospice services for and not one of these patients was ever taken off "continuous home care."

10. PASSAGES billed Medicare in 2008 for "continuous home care" for all of the over one-hundred patients for whom MOSELEY provided home hospice services and not

3

one of the patients was ever taken off "continuous home care" during the time that MOSELEY was employed by PASSAGES.

11. Not one of the home hospice patients treated by MOSELEY required "continuous home care", but PASSAGES billed Medicare as if the patient were experiencing a brief period of crisis.

11. A "period of crisis" is a period in which a patient, "requires continuous care which is primary nursing care to achieve palliation or management of acute medical symptoms." 42 CFR 418.204(a).

12. In August, 2008, MOSELEY confronted GILMAN, explaining that she was not comfortable with the provision of "continuous home care" for patients that were not experiencing a period of crisis and with doing hospice admissions. GILMAN stated to MOSELEY, "This is how I make my money."

13. In addition to those patients for which MOSELEY directly treated and for which Medicare was billed for continuous home care, where such care was not required, it was MOSELEY'S belief that hundreds of other home hospice patients of PASSAGES in 2008 were being billed for "continuous home care," where few patients ever require continuous home care and continuous home care should only be provided for a brief period of time until the management of the period of crisis is complete.

17. The submission of bills to Medicare by PASSAGES for "continuous home care" where such care is not required constitutes false claims pursuant to the Federal False Claims Act, U.S.C., Title 31, §3729.

18. Pursuant to the Federal False Claims Act (U.S.C., Title 31, §3729), each false claim presented to the Federal government for payment is punishable by a $5,000 fine as well as twice the amount submitted for payment.

PRAYER

Wherefore, the United States of America, ex rel., Carol Moseley prays that this Honorable Court award the following relief;

    A.    Enter a judgment against PASSAGES HOSPICE, LLC and in favor of the United States of America for two times the amount billed to Medicare for the billing of "continuous home care" for patients that were not experiencing a brief period of crisis in 2008 and 2009;

    B.    Enter a judgment against PASSAGES HOSPICE, LLC and in favor of the United States of America, for $5,000 for each bill submitted to Medicare by PASSAGES for the provision of "continuous home care," where the services were not necessary as there was no brief period of crisis;

    D.    Enter a judgment in favor of the Relator, CAROLY MOSELEY, for a percentage of the total amount of the judgment against PASSAGES HOSPICE, LLC, as provided by the Federal False Claims Act, U.S.C., Title 31, § 3730; and

    E.    For all additional relief provided in law or equity, which this Court deems fair and just.

## Count II

**[Violations of U.S.C., Title 42, §1395nn and U.S.C., Title 31, § 3729]**

1-5.   As Paragraphs 1-5 of Count II, Plaintiff realleges and incorporates herein Paragraphs 1-5 of Count I.

6.   During the period of her employment by PASSAGES during 2008, MOSELEY was solely and exclusively responsible for every single admission into a PASSAGES' owned hospice facility from any of the two Rockford Hospitals. During this time period, MOSELEY, personally, admitted the patients into the hospice facilities, including ASTA (Rockford), North Main Rehab, Rosewood, Maplecrest, in addition to accepting home patients and admitting into other PASSAGES' owned facilities.

7.   No physician or healthcare professional from PASSAGES was involved in the admission, only MOSELEY was involved in the admission of patients from the Rockford Hospitals to the PASSAGES owned Hospice facilities in 2008 and 2009.

8.   PASSAGES billed Medicare for the hundreds of admissions from the Rockford Hospitals into their facilities in 2008.

9.   Federal Law requires that for payment of Medicare services at a Hospice, the attending physician and the medical director of the hospice program certify that the individual is terminally ill based upon his or her clinical judgment. 42 U.S.C. 1395f(a)(7)(A). Licensed Practical Nurses may not admit patients into Hospices.

10.   In 2008, PASSAGES billed Medicare for services for hundreds of patients admitted into their Hospice facilities, where the admissions were performed solely by a Licensed Practical Nurse, CAROL MOSELEY.

11. Upon information and belief, admissions into the PASSAGES' owned Hospice facilities in 2008 from hospitals other than the two Rockford hospitals, were also performed by licensed practical nurses, including John Carlson, and services were billed by PASSAGES to Medicare.

12. In August, 2008, MOSELEY confronted GILMAN, explaining that she was not comfortable with the provision of "continuous home care" for patients that were not experiencing a period of crisis and with doing hospice admissions. GILMAN stated to MOSELEY, "This is how I make my money."

13. The submission of bills to Medicare by PASSAGES for services for patients admitted into a Hospice facility in 2008, where the admissions were performed by a Licensed Practical Nurse, constitutes false claims pursuant to the Federal False Claims Act, U.S.C., Title 31, §3729.

14. Pursuant to the Federal False Claims Act (U.S.C., Title 31, §3729), each false claim presented to the Federal government for payment is punishable by a $5,000 fine as well as twice the amount submitted for payment.

PRAYER

Wherefore, the United States of America, ex rel., Carol Moseley prays that this Honorable Court award the following relief;

    A. Enter a judgment against PASSAGES HOSPICE, LLC and in favor of the United States of America for two times the amount billed to Medicare for all services billed to Medicare for patients admitted in 2008 and 2009 into PASSAGES' owned Hospice facilities by a Licensed Practical Nurse;

B.  Enter a judgment against PASSAGES HOSPICE, LLC and in favor of the United States of America, for $5,000 for each bill submitted to Medicare by PASSAGES for services performed for patients admitted into a PASSAGES' owned Hospice facility performed by a Licensed Practical Nurse;

D.  Enter a judgment in favor of the Relator, CAROL MOSELEY, for a percentage of the total amount of the judgment against PASSAGES HOSPICE, LLC, as provided by the Federal False Claims Act, U.S.C., Title 31, § 3730; and

E.  For all additional relief provided in law or equity, which this Court deems fair and just.

## Count III

### [Violations of U.S.C., Title 31, §3730(h)]

1-12. As Paragraphs 1-12 of Count III, Plaintiff realleges and incorporates herein Paragraphs 1-13 of Count II.

13. MOSELEY performed all services required of her by PASSAGES during her employment in 2008.

14. On or about September, 2008, MOSELEY indicated to GILMAN that she was no longer willing to participate in PASSAGE's scheme to bill all of her home hospice patients for "continuous home care" and to have MOSELEY perform all admissions from both Rockford Hospitals into PASSAGES' owned Hospice facilities, other nursing facilities, including nursing homes, and patient residence.

15. In September, 2008, MOSELEY was terminated as a PASSAGES' employee by GILMAN, because of her opposition to the two practices described in Paragraph 14 above.

PRAYER

Wherefore, CAROL MOSELY prays that this Honorable Court award the following relief:

A. Award CAROL MOSELEY damages against DEFENDANTS in the form of 2 times back pay, interest on back pay, and all special damages including litigation costs and reasonable attorneys' fees; and

B. All additional relief that this Honorable Court deems equitable and just.

Respectfully Submitted;

_____

Michael K. Goldberg     6210821
(mgoldberg@goldberglawoffice.com)
Robert A. Bauerschmidt
(rbauerschmidt@goldberglawoffice.com)     6203719
Goldberg Law Group LLC
120 S. Riverside Plaza, Suite 1675
Chicago, Illinois 60606
(312) 930-5600
(312) 930-0944 (fax)

VERIFICATION
STATE OF ILLINOIS        )
                         )
COUNTY OF COOK           )

      On this day, Carol Moseley, appeared before me, the undersigned notary public. After I administered the oath to her upon her oath, she said that he read the Complaint and that the facts stated in it are within her personal knowledge and are true and correct.

                                              *Carol Moseley*
                                              Carol Moseley

SWORN TO and SUBSCRIBED before me by Carol Moseley on

September 28, 2010.

                                              Notary Public in and for the
                                              State of Illinois

"OFFICIAL SEAL"
MICHELLE C JARACZEWSKI
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES MAY 06, 2014